**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMED BASHIR FARAH,

     Petitioner,

v.

                             Case No. 1:26-cv-00677-MIS-KK

GEORGE DEDOS, in his official capacity as
Warden, Cibola County Correctional Center; MARY
DE ANDA-YBARRA, in her official capacity as
Field Office Director of the El Paso Field Office of
Enforcement and Removal Operations of U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland
Security; TODD LYONS, in his official capacity as
Acting Director of U.S. Immigration and Customs
Enforcement; and PAMELA BONDI, in her official
capacity as U.S. Attorney General,

     Respondents.

**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Mohamed Bashir Farah's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 5, 2026. The Court issued an Order

to Show Cause, ECF No. 2, on March 6, 2026. Federal Respondents filed a Motion to Dismiss

Petition for Writ of Habeas Corpus ("Motion"), ECF No. 10, on March 20, 2026. Petitioner filed

a Reply on March 27, 2026 ("Reply"), ECF No. 11.

Counsel for federal Respondents acknowledges that "Petitioner is detained pursuant to 8

U.S.C. § 1226." Mot. at 2. Nonetheless, Respondents contend that relief is barred because

Petitioner did not exhaust all administrative remedies, namely requesting a bond review. Id. at 3.

Moreover, Respondents contend that Petitioner did not provide evidence that "a bond

redetermination would be denied or that an appeal of § 1226 bond determination of flight and dangerousness would be 'futile'" even if a bond hearing was ordered. Id. The Court disagrees.

Respondents misstate the law with respect to the Immigration and Nationality Act's exhaustion requirement in the preliminary custody or bond determination context. As United States Magistrate Judge Gregory Fouratt noted just two months ago in a Proposed Finding and Recommended Disposition this Court adopted in another immigration habeas case:

> The INA mandates exhaustion as to final orders of removal, but it contains no exhaustion provision regarding challenges to preliminary custody or bond determinations. Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004).

Francisco v. Dedos, No. 1:25-CV-1229 MIS-GJF, 2026 WL 145456 at *7 (D.N.M. Jan. 20, 2026), report and recommendation adopted, No. 1:25-CV-1229 MIS-GJF, 2026 WL 300319 (D.N.M. Feb. 4, 2026).

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 10. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Thus, upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion to Dismiss and **GRANT** the Verified Petition for Writ of Habeas Corpus. Accordingly, it is **HEREBY ORDERED** that:

1. Respondents' Motion to Dismiss for Failure to State a Claim, ECF No. 10, is **DENIED**;

2. Petitioner Mohamed Bashir Farah's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Government shall file a status report within ten days of the date of this Order to certify compliance.

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3